# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-1226

ABBEVILLE GENERAL HOSPITAL

VERSUS

TARITA MANOR

**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, DOCKET NO. 06-03772
HONORABLE SAM LOWERY, WORKERS' COMPENSATION JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Harold D. Register, Jr.**
**A Professional Law Corporation**
**216 Rue Louis XIV**
**P.O. Box 80214**
**Lafayette, LA 70598-0214**
**(337) 981-6644**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Tarita Manor**


**Troy Allen Broussard**
**Allen & Gooch**
**A Law Corporation**
**Post Office Drawer 3768**
**Lafayette, LA 70502**
**(337) 291-1372**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Abbeville General Hospital**

**COOKS, Judge.**

## STATEMENT OF THE CASE

Tarita Manor appeals the judgment of the workers' compensation judge ordering her to pay restitution to her employer in the amount of $30,117.26. The workers' compensation judge found Ms. Manor failed to report her earnings to the employer while she was receiving Temporary Total Disability (TTD) benefits and vocational rehabilitation.

## STATEMENT OF THE FACTS

The facts of this case are not disputed. Tarita Manor is a forty-six year old registered nurse who holds a nursing license in three states. She is an educated and intelligent professional who has worked as a registered nurse for approximately twenty-six years in all areas of nursing. On February 25, 2003, Ms. Manor was working in the mental health unit of Abbeville General Hospital when a patient pushed her against a door. She sustained a shoulder injury. Abbeville General and its insurer, HSLI, paid workers' compensation benefits, including TTD at the maximum rate of $838.00 bi-monthly and medical and vocational rehabilitation from the date of the accident until May 2006.

Following the accident, Ms. Manor began meeting with Glen Guidry, a vocational rehabilitation counselor, to assist her in finding suitable employment. Mr. Guidry was unsuccessful. However, in November 2004, while receiving benefits, Ms. Manor secured a teaching position with Louisiana Technical College. She did not inform her employer or Mr. Guidry that she had obtained employment at the college. In October 2005, a second vocational rehabilitation counselor, Buster Fontenot, was assigned to Ms. Manor's case. Mr. Fontenot began sending letters to Ms. Manor's attorney requesting a meeting to discuss finding suitable employment. After receiving five letters, Ms. Manor's attorney informed Mr. Fontenot that Ms. Manor

1

had already completed her vocational assessment. The employer obtained a court order compelling Ms. Manor to meet with the vocational rehabilitation counselor. Ms. Manor finally met with Mr. Fontenot in April 2006. At the meeting, Ms. Manor did not inform Mr. Fontenot she was already working, earning an annual salary of over $44,000.00 and still receiving TTD benefits at the maximum rate of $838.00 bi-monthly. In May 2006, the employer learned, through private investigation, of Ms. Manor's employment with Louisiana Technical College. The employer discovered over a period of eighteen months that Ms. Manor received TTD benefits totaling $28,228.00 and vocational rehabilitation benefits totaling $1,829.26. The employer filed a claim for reimbursement against Ms. Manor under La.R.S. 23:1208. The workers' compensation judge found Ms. Manor misrepresented her earnings while receiving TTD benefits and ordered restitution in the amount of $30,117.26. Ms. Manor filed this appeal. For the reasons assigned below, we affirm the judgment of the workers' compensation judge.

## LAW AND DISCUSSION

It is well established the factual findings of the workers' compensation judge are entitled to great weight. Evaluations of credibility and reasonable inferences of fact will not be disturbed even though an appellate court may feel its own evaluations are as reasonable. The workers' compensation judge's factual determinations will not be disturbed unless manifestly erroneous or clearly wrong. *Mitchell v. Brown Builders, Inc.*, 35,022 (La.App. 2 Cir. 8/22/01), 793 So.2d 508, *writ denied*, 01-2649 (La. 12/14/01), 804 So.2d 636. The workers' compensation judge found Ms. Mason violated La.R.S. 23:1208 by deliberately withholding information concerning her employment at Louisiana Technical College while receiving benefits.

Louisiana Revised Statutes 23:1208 provides, in relevant part:

2

A. It shall be unlawful for any person, for the purposes of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

. . . .

C. (1)Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.

. . . .

D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.

E. Any employee violating this Section shall, upon determination by the workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

This statute is penal in nature and must be strictly construed in favor of the one receiving benefits. *Fontenot v. Reddell Vidrine Water District*, 02-439 (La. 1/14/ 03), 836 So.2d 14. Under this provision, the employer must prove: (1) there is a false statement or representation; (2) it is willfully made; and, (3) it is made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7. At the outset of her claim, Ms. Manor read and signed the Employee Certificate of Compliance which provided: "It is unlawful for you to work and receive workers' compensation indemnity disability, except supplemental earnings benefits." Although Ms. Manor acknowledged reading the Employee Certificate of Compliance, she testified she did not understand its provisions requiring her to "notify your employer or insurer of the earnings of any wages, changes in employment . . . status." When questioned regarding her obligation to report any earnings, Ms. Manor testified: "Who was there to report it

3

to?" She confirmed at the hearing that she did not report her earnings to her employer or to the vocational rehabilitation counselor. The following exchange occurred at the hearing.

> Q. And just to make it clear for the record, at no time did you personally, you, or through your attorney, did you notify Abbeville General Hospital or the insurer about taking the job at Louisiana Technical College or any of your earnings from that job; is that correct?
>
> A. I've never talked to anybody for anything, for no reason at all.
>
> . . . .
>
> Q. [A]fter you started working at Louisiana Technical College and your workers' compensation checks continued to come in, did it ever occur to you to call the adjuster and ask ["]should I still be getting checks when I return to work?["]
>
> A. When I started to work I was happy. I didn't think to call nobody about anything.
>
> . . . .
>
> Q. Isn't it true, Ms.[Manor], that when you met with Buster Fontenot you never specifically mentioned to him that you were already working specifically as a nursing instructor at Louisiana Technical College?
>
> A. Never said a word. Never mentioned it at all.

Ms. Manor testified she believed if she was not earning 90% of her pre-accident wages she did not have a duty to report her earnings. She asserts the facts in this case are similar to those in *Wallace v. Lavergne Transport*, 02-123 (La.App. 3 Cir. 6/12/02), 819 So.2d 508. In *Wallace,* the employee began selling shrimp and crabs out of his van at an intersection in Nuba, Louisiana. He began this activity for "something to do," and because he was encouraged by his physician to become more active. The claimant testified he disclosed his intention to pursue a productive activity to the physical therapist and he never derived any income from the business. This court affirmed the decision of the workers' compensation judge finding the employer failed to produce adequate evidence to support a violation under La.R.S.

4

23:1208.

The facts of this case are very different. At the hearing, Ms. Mason expressed having financial difficulties since her accident. She testified she was unable to adequately support herself and her children with her wages as an instructor at the Louisiana Technical College. The record indicates her earnings from the college were not commensurate with the level of her earnings as a registered nurse prior to the accident. However, the Employee Certificate of Compliance signed by Ms. Mason clearly requires her to notify her employer of any wages earned or changes in employment status. She met several times with two different vocational rehabilitation counselors and failed to disclose her employment. She received benefits over an eighteen-month period while she was working full-time for Louisiana Technical College. As the workers' compensation judge noted, Ms. Manor is a "very sophisticated, articulate woman with an impressive resume showing more than twenty years of experience as a registered nurse in some very challenging and important assignments, both as a registered nurse and a supervisor." We conclude Ms. Mason was well aware of her responsibility to report the fact that she had secured employment and was earning over $44,000.00 a year. Yet she remained silent for eighteen months while continuing to receive workers' compensation benefits. The facts support the finding that Ms. Manor deliberately misrepresented her earnings while she was receiving TTD benefits. Although the workers' compensation judge ordered restitution to the employer, he declined to assess an additional penalty which he could have done under the statute. We find no error in this decision. Accordingly, we affirm the judgment of the workers' compensation judge ordering Ms. Mason to pay restitution in the amount of $30,117.26 to the employer.

## DECREE

Based on the foregoing review of the record, we affirm the judgment of the workers' compensation judge. All costs of this appeal are assessed to Tarita Manor.

**AFFIRMED.**