LOLLEY, J.
| ¶ Brenda Kees Baker (“Baker”) appeals the judgment of the Office of Workers’ Compensation (“OWC”), District 1-West, Parish of Bienville, State of Louisiana, wherein the trial court rendered judgment in favor of defendants Phillips Van Heusen Corporation and Liberty Mutual Insurance Company (collectively, “Van Heusen”). For the following reasons, we affirm in part and reverse in part the OWC’s judgment.
FACTS
On July 14, 2009, Baker was an employee of Van Heusen and, in that capacity, was picking up a deposit bag from a local bank. Baker was seated in her personal vehicle at the bank’s drive-through lane waiting to pick up the Van Heusen deposit bag when the vehicle in front of her reversed into her vehicle. Baker was leaning across the middle portion of her vehicle toward the passenger side door when the collision occurred, and she sustained injuries to her lower back as a result. Baker informed her employer, Van Heu-sen, of the accident and finished her shift. However, the next day Baker’s pain had greatly increased and prevented her from completing a full shift of work.
Two days after the accident, Baker consulted her family care physician, Dr. Terry Gardner. Dr. Gardner prescribed medication for Baker’s injury and informed Van Heusen on July 20, 2009, that Baker should not return to work until July 27, 2009. Several days after her initial appointment with Dr. Gardner, Baker consulted Dr. Gary Higginbotham, a chiropractor, concerning her continuing back pain. Dr. Higginbotham took | ¿x-rays of Baker’s back, concluded that she suffered from whiplash, and treated her using chiropractic procedures.
Upon Dr. Gardner’s request, Baker returned to his office for an appointment on July 24, 2009. At the appointment, Dr. Gardner asked to see Baker’s vehicle and requested that Baker demonstrate the way she was seated at the moment when the accident occurred. Baker was unable to comply because her back pain was too great. Nevertheless, Dr. Gardner concluded, based on the visible damage to *1199 Baker’s vehicle, that the work-related accident which occurred on July 14, 2009, could not have caused the pain Baker described. Dr. Gardner reported his opinion to Van Heusen; however, Baker continued to see Dr. Higginbotham.
Baker informed Van Heusen that her primary care physician was Dr. Higginbotham and provided Van Heusen with Dr. Higginbotham’s report, which stated that she could not return to work. Van Heusen refused the report claiming that it was unacceptable because Dr. Higginbotham was a chiropractor and not a medical doctor. Van Heusen also supported its refusal to authorize Dr. Higginbotham’s treatment based on Dr. Gardner’s report, which indicated that the work-related accident could not have caused the pain described by Baker.
Baker received one indemnity check from Van Heusen on July 30, 2009. No other payments by Van Heusen were made. On August 8, 2009, Baker received a letter from Van Heusen informing her that Dr. Gardner had released her to return to work and that her failure to return to work ^immediately would be considered a resignation. Ultimately, Baker did not return to work until November 17, 2009.
On August 7, 2010, Baker filed a claim with the OWC requesting penalties and attorney’s fees for (1) wrongful termination of indemnity benefits and (2) failure to authorize treatment. In response, Van Heusen filed an exception of prescription regarding any claim for indemnity benefits. At the hearing on Van Heusen’s exception, the OWC granted the exception limited to the issue of indemnity benefits but held the issue of penalties and attorney’s fees over to trial. At the trial, the OWC rendered judgment in favor of Van Heusen. This appeal by Baker followed.
DISCUSSION

Prescription

In her first assignment of error, Baker argues that the OWC improperly found her claim for penalties and attorney’s fees for wrongful termination of indemnity benefits had prescribed. Specifically, Baker argues that the prescriptive period did not begin to accrue on July 30, 2009, because at that time Baker was not aware that further payments would not be forthcoming. Instead, Baker insists that the prescriptive period for penalties and attorney’s fees began to accrue upon notice that she would no longer receive further payments. We disagree.
Generally, the party pleading prescription has the burden of proving the facts supporting the exception unless prescription is evident on the face of the pleading. Taylor v. Broomfield, 46,590 (La.App.2d Cir.09/21/11), 73 So.3d 485. The applicable prescriptive period is determined by the |4character of the action disclosed in the pleadings. Johnson v. Ledoux, 42,090 (La.App.2d Cir.05/16/07), 957 So.2d 911, writ denied, 2007-1482 (La.10/05/07), 964 So.2d 946.
Although La. R.S. 23:1209(A)(2) governs the liberative prescription of a claim for indemnity benefits (allowing a one-year prescriptive period from the time of making the last payment), it fails to include a prescriptive period for penalties and attorney’s fees for wrongfully terminating such benefits. The one year prescriptive period for delictual actions as set forth in La. C.C. art. 3492 has been found to apply to a claim for such penalties and attorney’s fees. Craig v. Bantek West, Inc., 2003-2757 (La.App. 1st Cir.09/17/04), 885 So.2d 1234, writ denied, 2004-2995 (La.03/18/05), 896 So.2d 1004. Louisiana C.C. art. 3492 states, “Delictual actions are subject to a liberative prescription of one year. This *1200 prescription commences to run from the day injury or damage is sustained.”
Here, Baker’s claim for penalties and attorney’s fees arose when Van Heusen terminated her indemnity benefits. The date of that last payment was July 30, 2009, and was the date when her damage was sustained. Baker filed her claim for penalties and attorney’s fees related to the termination of benefits on August 7, 2010, well beyond a year from the termination of indemnity benefits. Clearly, her claim for penalties and attorney’s fees was prescribed on the face of her complaint, and the trial court was not in error for dismissing her claims as to this issue.

hRefusal to Authorize Treatment

Next, Baker argues that the OWC erred by failing to assign penalties and attorney’s fees for Van Heusen’s refusal to authorize chiropractic care by Dr. Higginbotham. Specifically, Baker argues that because Dr. Gardner was a general practitioner and Dr. Higginbotham a chiropractor, Baker was permitted to consult Dr. Higginbotham without prior approval. Therefore, Van Heusen’s refusal to accept Dr. Higginbotham’s report and treatment was arbitrary and capricious and without probable cause. We agree.
Louisiana R.S. 23:1031(A) concerns an employer’s liability to provide compensation and states:
If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
The claimant must establish the existence of an accident and its causal connection, to his disability by a reasonable preponderance of the evidence. Frye v. Olan Mills, 44,192 (La.App.2d Cir.04/08/09), 7 So.3d 201. Once the causal connection between the work-related accident and the injury has been established, an employer has a statutory duty to furnish all necessary medical treatment caused by the work-related injury. La. R.S. 23:1203(A).
Louisiana R.S. 23:1121(B)(1), which concerns an employee’s right to select a physician, states:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers’ eompensation | f,carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
Thus, an injured employee has an absolute right to select one physician in any field without the approval of the employer. Smith v. Southern Holding Inc., 2002-1071 (La.01/28/03), 839 So.2d 5. Moreover, selection of a new physician in a different specialty does not require approval. Thompson v. The Animal Hosp., 39,154 (La.App.2d Cir.12/15/04), 889 So.2d 1193.
Louisiana R.S. 23:1021(6) defines a health care provider for the purposes of a workers’ compensation claim as:
[A] hospital, a person, corporation, facility, or institution licensed by the state to provide health care or professional services as a physician, hospital, dentist, registered or licensed practical nurse, pharmacist, optometrist, podiatrist, chiropractor, ... or agent thereby acting in the course and scope of his employment. (Emphasis added).
*1201 The credibility of chiropractors has long been recognized in the field of workers’ compensation. Martin v. H.B. Zachry, Co., 424 So.2d 1002 (La.1982).
An employer’s failure to authorize medical care for an employee otherwise eligible to receive workers’ compensation is deemed to be the failure to furnish compensation benefits, thus triggering the penalty provisions of La. R.S. 23:1201. Thompson v. The Animal Hosp., supra. An employer’s termination of medical benefits, must be arbitrary, capricious, and without probable cause to warrant penalties and attorney’s fees against the employer. Brown v. Texas-LA Cartage Inc., 1998-1063 (La.12/01/98), 721 So.2d 885. Arbitrary and capricious behavior has been defined as 17willful and unreasonable action, without consideration of the facts and circumstances presented. J.E. Merit Constructors, Inc. v. Hickman, 2000-0943 (La.01/17/01), 776 So.2d 435.
Factual findings in workers’ compensation eases are subject to the manifest error or clearly wrong standard of review. Dean v. Southmark Const., 2003-1051 (La.07/06/04), 879 So.2d 112. As such, reasonable evaluations of credibility and inferences of fact should not be disturbed upon review; to reverse the OWC’s findings of fact, the reviewing court must conclude that a reasonable basis for that finding does not exist in the record. Id.
Here, Van Heusen’s refusal to authorize treatment by Baker’s chiropractor was arbitrary, capricious and without probable cause, and the OWC’s judgment to the contrary was manifestly erroneous. First, Van Heusen’s contention that chiropractors are not recognized within the definition of health care provider for the purposes of workers’ compensation was clearly erroneous. Louisiana R.S. 23:1021(6) explicitly defines chiropractors as “health care providers.” Second, Van Heusen’s refusal to authorize treatment by Dr. Higginbotham violated the clear and simple language of La. R.S. 23:1211(B). Baker consulted Dr. Gardner complaining of back pain which manifested shortly after the work place accident of July 14, 2009. Dr. Gardner treated Baker; however, she continued to experience debilitating back pain and, therefore, exercised her right to seek treatment from Dr. Higginbotham. Van Heusen’s denial of authorization to seek treatment from Dr. Higginbotham ignored Baker’s statutory right to do so, | ignored the fact that she was still experiencing back pain which had not manifested until shortly after the accident, and ignored a report from Dr. Higginbotham, issued shortly after the accident, stating that further work would aggravate Baker’s condition. Van Heusen’s reliance on Dr. Gardner’s report is dubious considering that Dr. Gardner’s opinion was based upon an inspection of Baker’s vehicle as opposed to the patient. Finally, when presented with conflicting information, Van Heusen chose to deny authorization instead of seeking an additional medical opinion which Van Heusen had every right to do. For the above reasons, we find the conduct of Van Heu-sen to be both arbitrary and capricious, and the OWC’s judgment on that issue was erroneous. Furthermore, our finding on this issue pretermits any discussion regarding Baker’s final assignment of error on the issue of lay testimony.
CONCLUSION
For the foregoing reasons, we affirm that part of the OWC’s judgment which determined that Brenda Kees Baker’s right to penalties and attorney’s fees for the termination of indemnity benefits had prescribed. We reverse that part of the judgment regarding penalties and attorney’s fees for the failure to authorize treat *1202 ment and award Baker penalties of $2,000 and attorney’s fees of $4,000. Each party is to bear its own costs of appeal.
AFFIRMED IN PART, REVERSED IN PART.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, MOORE, LOLLEY and SEXTON, JJ.
Rehearing denied.