LOLLEY, J.
|, William D. Desadier appeals the judgment of the Office of Workers’ Compensation, District 2, Parish of Winn, State of Louisiana (the “OWC”), wherein the OWC rendered judgment in favor of defendant West Frasier, Inc. For the following reasons, we affirm the judgment of the OWC.
FACTS
Desadier was employed by West Frasier, Inc. (“West Frasier”) on October 20, 2010, as a lumber grader when he allegedly injured his left shoulder while attempting to dislodge a piece of lumber with a pickax. Desadier informed his supervisor on the date of the accident that while using a pickax in his left hand to pull on a piece of lumber, he heard a loud pop in his left shoulder and felt immediate pain extending from his shoulder to his elbow.
The day after the alleged injury involving the pickax (the “pickax incident”), Desadier consulted Dr. Leonard Collier who prescribed him a large quantity of hydrocodone tablets. Two weeks later, Desadier consulted Dr. Randolph Williams who also prescribed pain medication, determined that he suffered from bursitis, and restricted him to light duty. Nearly a year later, Desadier claimed that he continued to suffer from shoulder pain and visited orthopedist Dr. John Ferrell who performed an MRI on October 12, 2011. Based on the results of the MRI, Dr. Ferrell determined that Desa-dier had suffered a full tear of his left rotator cuff, recommended a surgical repair, and restricted him to light duty. Desadier alleged that West Frasier fired him on October 13, 2011, after he informed his supervisor that he could no longer perform his job functions due to the injury.
| ^Desadier filed a disputed claim for workers’ compensation benefits concerning a workplace injury to his knee which had occurred after the pickax incident. He later amended his petition by adding a claim for the injury to his shoulder sustained from the pickax incident. In response, West Frasier denied liability and filed a reconventional demand of fraud with respect to both of Desadier’s claims. Desadier was examined by Dr. Frasier Gaar after West Frasier requested that Desadier be seen by an independent medical examiner. Prior to trial, Desadier voluntarily dismissed his claim relating to his alleged knee injury.
After a bench trial, the OWC ruled in favor of West Frasier, finding that Desadier had failed to show that aggravation of the shoulder injury was caused by the pickax incident. The OWC also found that Desadier had committed workers’ compensation fraud and was therefore barred from receiving benefits through the workers’ compensation system. Desadier now appeals.
DISCUSSION
As his first assignment of error, Desadier argues that the OWC erred by finding that he had intentionally misled his treating physicians in order to obtain workers’ compensation benefits. We disagree.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Johnson v. T & J Hauling Co., Inc., 46,853 (La.App.2d Cir.01/25/12), 86 So.3d 1. Reasonable evaluations of credibility made by the trier of fact should be accorded great weight by the reviewing court. Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981); Baker v. Phillips Van Heusen Corp., 47,017 (La.App.2d *587 Cir.04/11/12), 91 So.3d 1197, writ denied, 2012-1317 (La.09/28/12), 98 So.3d 844.
Louisiana R.S. 23:1208, defining a claim for workers’ compensation fraud, states in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
⅜ ⅜* ⅝ ⅝ ⅜ ⅜
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
The only requirements for a forfeiture of benefits under this statute are: (1) a false statement or representation; (2) willfully made; and (3) made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 94-2078 (La.09/05/95), 660 So.2d 7. All three requirements must be present before a penalty will be imposed. Gilcrease v. Wal-Mart Stores, Inc., 36,523 (La.App.2d Cir.12/11/02), 843 So.2d 415. There is no requirement of prejudice to the employer; when the statute is satisfied, benefits will be forfeited for the sole reason that the claimant has willfully and deliberately attempted to defraud the workers’ compensation system, and no further requirements are to be imposed. Freeman v. Chase, 42,716 (La.App.2d Cir.12/05/07), 974 So.2d 25.
^Forfeiture is a harsh remedy and must be strictly construed. An inadvertent and inconsequential false statement will not result in forfeiture of benefits. Louisiana R.S. 23:1208 does not penalize any false statement, but only those willfully made for the purpose of obtaining benefits. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Slater v. Mid-South Extrusion, 43,343 (La.App.2d Cir.08/13/08), 989 So.2d 252.
Here, the record reflects numerous bases supporting the OWC’s finding that Desadier committed workers’ compensation fraud and that finding is not manifestly erroneous or clearly wrong. First, Desadier never informed any of the physicians who treated him for his shoulder pain resulting from the pickax incident that he had a long history of accidents which had caused injury to his left shoulder. In fact, when asked on a patient questionnaire at Dr. Ferrell’s office whether he had any previous problems with his left shoulder and received treatment for those problems, Desadier erroneously stated that he had not. Even during his deposition, Desadier testified that he had never suffered injury to his left shoulder prior to the pickax incident at West Frasier. On the contrary, the record shows that Desadier sustained the following injuries to his left shoulder: in 2006 from a hunting-camp fight; another injury in 2006 from a car accident; an injury in 2008 while changing a flat tire; another injury in 2008 while tubing behind a boat; and, finally an injury in 2008 from falling into a boat while hunting. As treatment for these injuries, Desadier received multiple 1 sinjections to his shoulder, copious amounts of pain medication, and an MRI. It is inconceivable that Desadier, when questioned by the physicians treating him for the pickax incident and by counsel for West Frasier during deposition, could have forgotten this veritable laundry list of injuries to his left shoulder and the resulting treatments. His omis *588 sions can only be explained as a desire to attribute his condition solely to the alleged pickax incident at West Frasier in order to receive workers’ compensation benefits. As the OWC pointed out, all the physicians who treated Desadier’s shoulder after the pickax incident and who determined that Desadier’s torn rotator cuff resulted from that workplace accident, reversed their determination once they were afforded a complete history of Desadier’s many past shoulder injuries.
Second, Desadier was thoroughly impeached at trial concerning false statements he had made about his ability to work after leaving West Frasier. Most significantly, Barbara Desadier, Desadier’s wife, testified that Desadier had earned money mowing lawns for his brother’s lawn care service on many occasions since the pickax incident. In response to his wife’s testimony, Desadier explained that he had in fact earned income mowing lawns but did not report this in response to any requests for discovery made by West Frasier, because he felt that the determination of the value of his indemnity award would be conducted at a later stage of the trial. Had counsel for West Frasier not inadvertently discovered this information while questioning Desadier’s wife, it is doubtful that this information would have ever come to light.
| r,The purpose of supplemental earnings benefits (“SEB”) is to compensate the injured employee for the wage earning capacity he has lost as result of his accident. Roach v. Libbey Glass, Inc., 47,-573 (La.App.2d Cir.11/14/12), 107 So.3d 759. Supplemental earnings benefits are calculated as two-thirds of the difference between the worker’s pre-injury monthly wages and those wages the worker is able to earn after the injury. La. R.S. 23:1221. Therefore, information regarding Desadier’s ability to earn wages mowing lawns after the pickax incident was relevant because it directly affected the value of any SEB that he could have received. The withholding of this information further strengthened the OWC’s finding of fraud. Because Desadier is ineligible to receive workers’ compensation benefits due to the determination of fraud, our finding on this issue pretermits any discussion of Desadier’s remaining assignments of error.
CONCLUSION
For the foregoing reasons, we affirm the ruling of the OWC. All expenses of this appeal are to be paid by William D. Desa-dier.
AFFIRMED.