# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

**13-420**

**BRADY GOTTE**

**VERSUS**

**BARNES PERSONNEL MANAGEMENT, INC.**

**\*\*\*\*\*\*\*\*\***
**ON SUPERVISORY WRITS FROM THE**
**OFFICE OF WORKERS' COMPENSATION**
**DEAPRTMENT OF LABOR, STATE OF LOUISIANA,**
**DOCKET NO.12-02655, DISTRICT 03**
**HONORABLE CHARLOTTE BUSHNELL**
**\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge and Judges Sylvia R. Cooks and John D. Saunders.

**Writ Granted.**

Michael B. Miller
Jacqueline B. Manecke
P.O. Drawer 1630
Crowley, LA  70527-1630
(337) 785-9500
**ATTORNEYS For PALINTIFF/PETITIONER**
Brady Gotte

Stephen C. Resor
Amy D. Hotard
Salley, Hite, Mercer & Resor, L.L.C.
365 Canal Street
One Canal Place, Suite 1710
New Orleans, LA  70130
(504) 566-8800
**ATTORNEYs For DEFENDANT/RESPONDENT**
Barnes Personnel Management, Inc.

**Cooks, Judge**

## FACTS AND PROCEDURAL HISTORY

Brady Gotte (Gotte) filed a claim for workers' compensation against Barnes Personnel Management, Inc. (Barnes) for an on-the-job injury in 2010. Gotte and Barnes entered into a Consent Judgment in which Barnes "stipulated that Mr. Gotte was injured in the course and scope of his employment, that he is entitled to weekly indemnity benefits, reasonable and necessary medical treatment as well as penalties, attorney's fees and cost." Shortly thereafter, Barnes filed a disputed claim for compensation against Gotte alleging a bona-fide dispute on the following basis:

> Employer has identified jobs the claimant through Voc Rehab. Dr. Henderson refuses to release claimant to return to work until he gets his dental work from Dr. Jerome Smith done. Claimant claims that Employer will not approve the dental work. This dental work was approved and treatment was scheduled. Claimant refuses to show up or schedule an appointment for examination or dental work. Employer believes this is an attempt to provide benefits[.]
>
> 1208 fraud. Claimant has lied about employer's refusal to approval[sic] medical treatment.

Gotte filed an Answer and Reconventional Demand, and sent Interrogatories and a Request for Production of Documents to Barnes. In his interrogatories, Gotte requested as follows:

> 1. As to each false statement or misrepresentation alleged to have been made by BRADY GOTTE, please state the following:
>    (a) Quote as best as possible each exact statement or representation made by BRADY GOTTE which you are claiming is false.
>    (b) As to each of the foregoing statements or representations, please state the date the statement or representation was made.
>    (c) As to each and every foregoing statement or representation, state the name, address, and employer of each and every person who has knowledge as to each specific statement or representation, identifying the person with the statement or representation alleged to be

untrue.

In response, Barnes answered Gotte's Interrogatory number 1 as follows:

Objection, premature. Discovery is ongoing and we are currently in the process of obtaining additional information and documentation. Without waiving the objection:

a) An exact statement need not be quoted, the misrepresentations can be reflected in the documentation in this case. The Claimant is aware of the misrepresentations made by him concerning his treatment, approval of treatment, and benefits paid to him. Please see the medical records of Dr. Henderson, the deposition of Dawn Hebert, emailed medical approval of the Defendant dated September 26, 2011, Vocational Rehabilitation reports and other medicals of the Claimant concerning the approval of treatment, availability of transportation, payment of compensation benefits. See also the Southern Farm Bureau Records and Payment Ledgers regarding payment of compensation benefits. See also any and all depositions taken related to this work accident concerning the approval of treatment, availability of transportation, and payment of compensation benefits.

b) Also see the attached.

c) Persons with knowledge of these statements include Brady Gotte, Dr. Daryl Henderson, Scot Landry, Matthew Wiebersch, Jerome Smith, DDS, and Dawn Hebert.

Unsatisfied with Barnes' answer to his interrogatory, Gotte filed a Motion to Compel Discovery. After a hearing on the motion, the workers' compensation judge (WCJ) issued a written ruling which states, in pertinent part:

[T]he Motion to Compel Answers to Interrogatories Nos. 1 and 2 are GRANTED in part, requiring Barnes Personnel Management, Inc. to point plaintiff in the right direction and provide the names, addresses, and employers of each and every person who has knowledge as requested in Interrogatory No. 1(c) and Interrogatory No.2(a) & (b) and Plaintiff's Motion To Compel as to interrogatory No. 1(a) & (b) are DENIED.

Thus, the WCJ denied Gotte's motion insofar as it requested Barnes "quote as best as possible each exact statement or representation" claimed to be false and the dates of the allegedly false statements. Subsequent to the WCJ's ruling, Barnes filed a Supplemental and Amended Answer to Interrogatories in which it stated in

response to Interrogatory No. 1:

> Subject to, and without waiving its September 27, 2012 objections:
> a) See the attached documents, including the deposition of Dr. Henderson, the deposition of Brady Gotte, an April 20, 2012 vocational rehab report, Southern Farm Bureau records, Dr. Henderson's medical records, and a signed statement from Brady Gotte to Harriet Roy, provided in response to claimant's Request for Production of Documents.
>
> b) Specifically, claimant made misrepresentations to his health care providers and others regarding his ability to obtain transportation to scheduled appointments, as well as the status of the approval of his claims.
> Defendant reserves the right to supplement the answer to this interrogatory as additional information is obtained.

Gotte thereafter filed this application for supervisory writs asserting the WCJ erred in failing to require Barnes to provide information to Gotte sufficiently specific as to its allegations of fraud so as to enable Gotte to adequately prepare a defense.

## LEGAL ANALYSIS

Gotte maintains that the WCJ's denial of a portion of his Motion to Compel Discovery will result in a trial by ambush causing him irreparable harm. Indeed, if Barnes prevails in its allegations of fraud Gotte will suffer grave harm. Barnes seeks to dismiss Gotte's workers' compensation case and to terminate all of his medical treatment and benefits. Louisiana Revised Statutes 23:1208 provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
>
> C. (1) Whoever violates any provision of this Section, when benefits claimed or payments obtained have a value of ten thousand dollars or

more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.

(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.

…

D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

Gotte is entitled to information detailed enough to allow him to mount a defense against these serious accusations of fraud which, if proved, will have dire consequences to him. We agree with Gotte's assertion that he is entitled to more specific information regarding Barnes' allegations of fraud than that which has been provided thus far. Barnes' response to discovery instructing Gotte to "see the attached documents" provides Gotte with no more understanding of the specific alleged incidents of fraud than he had before propounding discovery.

We have held that allegations of fraud in a workers' compensation case is an affirmative defense (La.C.C.P. art. 1005) which must be specially pled. *See Messina v. Isle of Capri Casino,* 04-1061 (La.App. 3 Cir. 12/22/04), 891 So.2d 780, *writ denied*, 05-535 (La.4/29/05), 901 So.2d 1071. Once alleged, respondent is entitled to know who, what, when, where and how such alleged fraudulent statements occurred. Pointing respondent to "attached documents" and telling him

4

to figure out the basis of the allegations made against him is disingenuous to say the least. It certainly does not serve the purpose of the discovery tools in our code of civil procedure and does not allow Gotte to prepare a defense. Gotte is simply left to joust at windmills while his employer prepares its case against him. Neither is it a sufficient reply to Gotte's discovery requests to recite "specifically, claimant made misrepresentations to his healthcare providers and others regarding his ability to obtain transportation to scheduled appointments, as well as the status of the approval of his claims." There is nothing "specific" about this response to Gotte's interrogatory, and merely prefacing the response with the word "specifically" does not make it so. In *Desadier v. West Frasier, Inc.*, 48,303, p. 3 (La.App. 1 Cir. 8/7/13), 122 So.3d 584, 587 (emphasis added) our sister circuit addressing allegations of a violation of La.R.S. 23:1208 succinctly stated:

> The only requirements for a forfeiture of benefits under this statute are: (1) a false statement or representation; (2) willfully made; and (3) made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Harroll Const., Co.*, 94-2078 (La.09/05/95), 660 So.2d 7. All three requirements must be present before a penalty will be imposed. *Gilcrease v. Wal-Mart Stores, Inc.*, 36,523 (La.App.2d Cir. 12/11/02), 843 So.2d 415. There is no requirement of prejudice to the employer; when the statute is satisfied, benefits will be forfeited for the sole reason that the claimant has willfully and deliberately attempted to defraud the workers' compensation system, and no further requirement are to be imposed. *Freeman v. Chase*, 42,716 (La.App. 2d Cir. 12/05/07), 974 So.2d 25.

> Forfeiture is a harsh remedy and must be strictly construed. *An inadvertent and inconsequential false statement will not result in forfeiture of benefits. Louisiana R.S. 23:11208 does not penalize any false statement, but only those willfully made for the purpose of obtaining benefits. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Slater v. Mid-South Extrusion*, 43,343 (La.App. 2d Cir. 08/13/08), 989 So.2d 252.

In *Arnaud v. Shaw Construction*, 09-128, p. 6-7 (La.App. 3 Cir. 5/6/09), 12 So. 3d 402 407, *writ denied*, 09-1249 (La. 9/18/09), 17 So.3d 979 (emphasis

added), we likewise held:

> This court discussed La.R.S. 23:1208 in *Abbeville General Hospital v. Manor,* 07-1226, p. 3 (La.App. 3 Cir. 3/12/08), 980 So.2d 163, 165 stating:
>
>> This statute is penal in nature and must be strictly construed in favor of the one receiving benefits. *Fontenot v. Reddell Vidrine Water District*, 02-439 (La.1/14/03), 836 So.2d 14. Under this provision, the employer must prove: (1) there is a false statement or representation; (2) it is willfully made; and, (3) it is made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Haroil Constr. Co.*, 94-2708 (La.9/5/95), 660 So.2d 7.
>
> Nevertheless, this court has held that *"[b]enefits are not terminated under the section for false statements that are inadvertent or inconsequential,* but only false statement[s] which are determined by the workers' compensation judge, as authorized by La. R.S. 23: 1208, to be willfully made for the purpose of obtaining or defeating benefits. (citations omitted).

In order to mount his defense and establish whether any alleged false statements amount to no more than "inadvertent and inconsequential false statements," or whether the alleged statements are even false, Gotte must be informed with far more specificity than Barnes has provided. "As a general rule, parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." *Moss v. State of Louisiana through D.O.T.D.*, 05-1963, p. 6 (La.4/4/06), 925 So.2d 1185, 1191. Louisiana Code of Civil Procedure Article 1422 provides the scope of discovery:

> Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
>
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other aprty, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information

6

sought appears reasonably calculated to lead to the discovery of admissible evidence.

In *Hodges v. Southern Farm Bureau Casualty Insurance Company*, 433 So.2d 125, 129 (La. 1983) the Louisiana Supreme Court set forth the objectives of the discovery provisions in Louisiana which are based on the Federal Rules of Civil Procedure:

> The basic objectives of the Louisiana discovery process are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expediate (*sic*) the legal process by encouraging settlement or abandonment of less than meritorious claims. *State v. Spruell*, 243 La. 202, 142 So.2d 396 (9162); *Bennett v. General Motors Corp.*, 420 So.2d 531 (La. App. 2nd Cir. 1982); Comment, Louisiana's Discovery Articles: A Modern Appraisal, 22 Loy.La.Rev. 130 (1976). The discovery statutes are to be liberally and broadly construed to achieve its intended objectives. See generally, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Burns v. Thiokal Chemical Corporation*, 483 F.2d 300 (5th Cir. 1973); 8 Wright & Miller, Federal Practice and Procedure, § 2001, p. 17 (1970 ed.).

> Articles 1422-1425 of the Code of Civil Procedure define the scope of permissible discovery and are applicable to all discovery devices. See Marist, p. 162. Generally, the articles permit discovery regarding any matter not privileged, which is relevant to the subject matter of the action. C.C.P. art. 1422. Consequently, the initial inquiry in most discovery problems is whether the matter sought to be discovered is relevant.

Based on the record before us, having reviewed Gotte's discovery requests and Barnes' responses, we find the WCJ abused its discretion in its partial denial of Gotte's motion to compel discovery.

> It is well settled under Louisiana law that the discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Bridges v. Hertz Equipment Rental Corp.*, 08-0400, p.3 (La.6/20/08), 983 So.2d 1256, 1258. A party generally may obtain discovery of any information which is relevant to the subject matter involved in the pending action. (citation omitted)

*La.Workers' Compensation Corp., v. Quality Exterior Services, L.L.C.*, 2011 CW

1197, p. 3-4 (La.App. 1 Cir. 5/2/12), 92 So.3d 1034, 1036.

For the reasons set forth above, we reverse the WCJ's denial of Gotte's Motion To Compel Discovery as to Interrogatory No. 1(a) & (b). Barnes is ordered to provide Gotte sufficiently specific information regarding any alleged false statements that form the basis of Barnes' allegations of fraud including what the alleged false statements are, the date on which any alleged false statement was made, the circumstances under which any alleged false statement was made, and to whom were any such alleged false statements made. In all other respects the ruling of the WCJ is affirmed.

**Writ Granted.**